UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

       Plaintiff

-vs-

Case No.:4:21-cr-20079-FKB-CI
HON. F. KAY BEHM
United States District Judge

HON. CURTIS IVY, JR.
United States Magistrate Judge

SELENA JOHNSON

       Defendant

| | |
|---|---|
| JULES DEPORRE( P-73999) | JOHN A. TOSTO, PLC |
| ASSISTANT UNITED STATES ATTY | BY: JOHN A. TOSTO (P-56579) |
| 600 CHURCH STREET | ATTORNEY FOR DEFENDANT JOHNSON |
| FLINT, MI 48502 | 503 S. SAGINAW STREET, SUITE 1410 |
| (810) 766-5177 | FLINT, MI 48502 |
| Jules.DePorre@usdoj.gov | (810)244.5862 |
| | john@jtmblaw.com |

## DEFENDANT JOHNSON'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE

NOW COMES the Defendant, Selena Johnson, by and through her attorney, John A. Tosto and requests the entry of an order granting the Defendant's Motion for Compassionate Release as set forth in the accompanying brief.

Dated: 10.31.2025

       /s/John A. Tosto
       **JOHN A. TOSTO, PLC**

**BY:  JOHN A. TOSTO (P56579)**
Local Attorney for Defendant
The Mott Foundation Building
503 S. Saginaw Street, Ste. 1410
Flint, MI  48502
(810) 244-5862 Tel.
(810)244-1650 Fac.
E-Mail:john@jtmblaw.com

<u>**CERTIFICATE OF SERVICE**</u>

    I hereby certify that on  10.31.2025 I electronically filed the foregoing document with the Clerk of the Court using the CM/ ECF system which will send notification of such filing to each attorney or party of record herein by electronic means.

  /s/John A. Tosto
**JOHN A. TOSTO ( P-56579)**
**BY:  JOHN A. TOSTO (P56579)**
Attorney for Defendant
Mott Foundation Building
503 S. Saginaw Street
Flint, MI  48502
(810) 244-5862
Email-john@jtmblaw.com

**DEFENDANT JOHNSON'S BRIEF IN SUPPORT OF DEFENDANT'S
EMERGENCY MOTION   FOR COMPASSIONATE RELEASE**

Defendant, Selena Johnson, currently 29 years old, was sentenced by this Court on 8/13/25 for supervised release violations. The violations primarily relate to inadequate drug testing. There was no allegation of Defendant reoffending the underlying offense or any other significant violation of the law.

Ms. Johnson has been in Federal custody since August 2025. Her discharge date is May 11, 2026.

Unfortunately, Ms. Johnson is still in USMS custody at the Isabella County Jail as the Bureau of Prisons has not designated her yet.

As this Court is aware, Ms. Johnson is pregnant. She was five months pregnant at the time of her sentencing in August. She is scheduled to have her child in late October.

It is not a mystery that there are numerous medical advantages to nursing an infant. Ms. Johnson will not be able to nurse her infant if she is not granted compassionate release.

## I. Administrative Exhaustion

The document attached hereto as Exhibit 1 verifies that Ms. Johnson has attempted to exhaust her administrative remedies, as required by 18 USC 3582(c)(1)(a). However, as she remains at the Isabella County Jail, there is no warden to request compassionate release from. Ms. Johnson did send a letter to the Isabella County Sheriff.  The Sheriff promptly merely forwarded the letter to the USMS as she is a federal inmate. (Attached Exhibit 1).

## II. Extraordinary and Compelling Reasons

Under 18 USC 3582(c)(1)(a), this court has the power to grant compassionate release if "extraordinary and compelling reasons" warrant a sentence reduction. It is Defendant's position that her family/medical circumstances, specifically her pregnancy and impending delivery of her infant child - meet the standard.

Section 1B1.13 of the sentencing guidelines, in pertinent part, states as follows:

*§1B1.13. REDUCTION IN TERM OF IMPRISONMENT UNDER 18 U.S.C. § 3582(C)(1)(A) (POLICY STATEMENT)*
*(a) **In General**.—Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—*

*(1)     (A) extraordinary and compelling reasons warrant the reduction; or*

*(B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;*

*(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and*

4

*(3) the reduction is consistent with this policy statement.*

*(b) **Extraordinary and Compelling Reasons**.—Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:*

*(1) **Medical Circumstances of the Defendant**.—*

*(A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.*

*(B) The defendant is—*

*(i) suffering from a serious physical or medical condition,*

*(ii) suffering from a serious functional or cognitive impairment, or*

*(iii) experiencing deteriorating physical or mental health because of the aging process,*

*that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.*

*(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.*

*(D) The defendant presents the following circumstances—>*

*(i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;*

*(ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and*

*(iii) such risk cannot be adequately mitigated in a timely manner.*

*(2) **Age of the Defendant**.—The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.*

*(3) **Family Circumstances of the Defendant**.—*

(A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

(B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

(D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "**immediate family member**" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

(4) **Victim of Abuse**.—The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:

(A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. § 2246(2) (including the conduct described in 18 U.S.C. § 2246(2)(D) regardless of the age of the victim); or

(B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to §1B1.1 (Application Instructions);

that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

(5) **Other Reasons**.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

(6) **Unusually Long Sentence**.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

*(c) **Limitation on Changes in Law**.—Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.*

*(d) **Rehabilitation of the Defendant**.—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.*

*(e) **Foreseeability of Extraordinary and Compelling Reasons**.—For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.*

Ms. Johnson's situation is extraordinary and compelling. Her sentence is not lengthy. It is under a year. Her violations, while serious, did not rise to the level of receiving new offenses. They certainly reveal poor and disappointing judgment. Ms. Johnson has certainly paid the price for those by being incarcerated while pregnant in her third trimester at the Isabella County Jail. She has received minimal obstetric care. Without question, this exacerbates and intensifies the need for her child to benefit from being nursed by its mother.

Ms. Johnson is not a danger to the safety of any other person or to the community as provided in 18 USC 3142(g)

Because of Ms. Johnson's unique situation, the "other reason" provision in section 5 is established. She has presented "other circumstances" when considered by themselves or together, with any of the reasons described in paragraph 1 through 4, are similar in gravity to those described in paragraphs 1 through 4. Again, Johnson has been at a county jail for the most important months of her pregnancy. This certainly bolsters the need for her to be able to nurse her child.

As indicated above, Ms. Johnson was pregnant at her sentencing hearing. Section (e) states in pertinent part that an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason could have been known or anticipated by the sentencing court does not preclude consideration for reduction under this policy statement.

In the spirit of section (e), all anticipated Ms. Johnson would not have been at the Isabella County jail for this long. It was anticipated she would be sent to the BOP promptly where she would have received more robust obstetric care.

In *United States v Rodriguez* - (2002, SD Cal), the Court observed that the Defendant's circumstances are extraordinary and compelling once she is separate from her newborn son. Separation of a newborn child from their mother is an extreme measure that should occur rarely. (Attached Exhibit 2).

### III. 18 USC 3553(a) Factors

The final points to be considered for compassionate release are the sentencing factors set forth in 18 USC 3553(a). These factors, on balance, weigh in Ms. Johnson's favor. Under 3553(a)(1), the nature and circumstances of the underlying False Statement During the Purchase of a Firearm offense are no doubt serious. But Ms. Johnson was given a significant 10-month sentence with a 3-year term of supervised release, which was served. It appears she adjusted well to her incarceration, but did not fare as well while on supervised release. Her time at the Isabella County Jail, while difficult, has been eye opening. A review of her letters leaves one to believe that she has a refreshing new attitude and perhaps has experienced an epiphany of sorts. (Attached Exhibits 3, 4, & 5). And for her sake, and more importantly for the sake of her baby, one can only hope that this is the case. The hammer of another term of incarceration awaits her if she falters.

All of these circumstances demonstrate in no uncertain terms that Ms. Johnson is ready to be released from custody. This Court, by granting compassionate release, would be accelerating the process only slightly. At this point, the purpose of sentencing set forth in 18 USC 3553 – including offense seriousness, respect for the law, just punishment, deterrence, protection of the public and even effective correctional treatment —have been satisfied. Selena Johnson should be home nursing her baby.

Dated: 10.31.2025

/s/John A. Tosto
**JOHN A. TOSTO, PLC**
**BY:  JOHN A. TOSTO (P56579)**
Local Attorney for Defendant
The Mott Foundation Building
503 S. Saginaw Street, Ste. 1410
Flint, MI  48502
(810) 244-5862 Tel.
(810)244-1650 Fac.
E-Mail:john@jtmblaw.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on  10.31.2025 I electronically filed the foregoing document with the Clerk of the Court using the CM/ ECF system which will send notification of such filing to each attorney or party of record herein by electronic means.

  /s/John A. Tosto
**JOHN A. TOSTO ( P-56579)**
**BY:  JOHN A. TOSTO (P56579)**
Attorney for Defendant
Mott Foundation Building
503 S. Saginaw Street
Flint, MI  48502
(810) 244-5862
Email-john@jtmblaw.com