UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,　　　　　　Case No. 21-20079

　　　　Plaintiff,　　　　　　　　　　Hon. F. Kay Behm
v.　　　　　　　　　　　　　　　　　United States District Judge

SELENA JOHNSON,

　　　　Defendant.
_____ /

**ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE (ECF No. 76)**

## I.　PROCEDURAL HISTORY

Before the court is Defendant's motion for compassionate release

under 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 76, 79).  Defendant seeks a

reduction in her nine-month sentence so that she may breast-feed her baby

after she is born.  The government opposes the motion.  (ECF No. 78).

Defendant filed a reply in support of her motion.  (ECF No. 80).  For the

reasons set forth below, the motion for compassionate release is **DENIED**.

## II.　FACTUAL BACKGROUND

Defendant bought an AK-style rifle for her boyfriend Cody Rolland, who

1

was unable to purchase guns because of a prior felony conviction.  Rolland

used the rifle to commit an armed robbery and murder.  After the murder,

Defendant helped Rolland dispose of evidence, including the victim's body.

Defendant was federally charged with making a false statement during

the purchase of a firearm.  (ECF No. 1).  She was released on bond, but

violated the pretrial release conditions numerous times.  (PSR ¶ 8–15).

Defendant eventually pleaded guilty to making a false statement during the

purchase of a firearm (ECF No. 53, PageID.146) and to state charges for

robbery, lying in a violent crime investigation, tampering with evidence, and

removing a dead body.  (*See* Genesee County Circuit Court case no. 23-

51494-FC).  In August 2023, Defendant was sentenced to ten months in

federal custody, followed by a three-year term of federal supervised release.

(ECF No. 62, PageID.294).

Defendant was released from federal custody in April 2024.  (ECF No.

65, PageID.303).  While on supervised release, Defendant regularly tested

positive for controlled substances including amphetamines.  *Id*. at

PageID.303-07).  At a violation hearing on August 13, 2025, Defendant

admitted to violating her supervised release conditions and the court

sentenced her to nine months in custody.  (ECF No. 73, PageID.322).

2

The court was aware that Johnson was pregnant when it imposed the sentence for the violation.  Part 2 of the Violation Report noted:

> JOHNSON is pregnant and has advised this writer that her pregnancy is a high-risk pregnancy. JOHNSON advised that her doctor had placed her on bed rest. However, according to information received from a Michigan Department of Corrections Probation Agent, JOHNSON admitted that her pregnancy is not considered to be high-risk and that she is not on bed rest.
>
> JOHNSON has expressed that she is pregnant and that she has no intentions to terminate the pregnancy. JOHNSON indicated that having a baby would keep her "sober." However, that does not appear to be the case considering the recent confirmed positive drug tests. JOHNSON also has two minor children from two relationships. One minor child resides with her father. The second minor child resides with her paternal grandmother. JOHNSON does have contact with both children.

(Violation Report, Part 2, 06/27/25, p. 2).  As part of the Court's judgment for the violation, the Court recommended placement at a facility that, among other things, could "accommodate her pregnancy."  (ECF No. 73, PageID.322).

## III.    ANALYSIS

Under 18 U.S.C. § 3582, a district court is permitted to consider requests for compassionate release, as an exception to the general rule that

courts "may not modify a term of imprisonment once it has been imposed." *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)). A defendant may file such a request after she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days [] whichever is earlier." 18 U.S.C. § 3582(a). For defendants under 70 years of age, the court may reduce a sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "after considering the factors set forth in section 3553(a)." U.S.C. § 3582(c)(1)(A). However, where a defendant does not demonstrate any extraordinary or compelling reasons to reduce her sentence, the court need not analyze whether a sentence reduction is appropriate under § 3553(a). *See United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021) (*citing United States v. Elias*, 984 F.3d 516 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

The government does not contest exhaustion of administrative remedies. Defendant argues that her pregnancy and impending delivery of her child meet the standard for "extraordinary and compelling reasons" to

warrant a sentence reduction.  She further argues that her violations, while serious, did not rise to the level of a new offense.  She says that being incarcerated at the Isabella County Jail during her third trimester of pregnancy and receiving minimal obstetric care has exacerbated the need for her child to benefit from being breastfed.  Defendant argues that it was not anticipated that she would be at the Isabella County jail for this long and it was anticipated that she would be promptly sent to BOP where she would receive more robust obstetric care.  In reply, Defendant explains that she has given birth to her daughter, who has exclusively been fed breastmilk, but that may not continue once she is designated by the Bureau of Prisons.  She points to the possibility of the infant rejecting formula when she transitions as an "extraordinary and compelling reason" in and of itself.

Now that Defendant has given birth, whether her pregnancy was "high risk" (which the parties dispute) is irrelevant for purposes of whether her sentence should be reduced.  The court is also not persuaded that Defendant's inability to continue breastfeeding after the birth of her child is an "extraordinary and compelling reason" for a reduction in her sentence. Defendant cites *United States v. Rodriguez*, 2023 WL 1486147, at *4 (S.D. Cal. Feb. 2, 2023) in support of her argument.  There, the court found that the

5

"[s]eparation of a newborn child from their mother is an extreme measure that should occur rarely.  Further, the Court agrees with Defendant that there are numerous health benefits associated with breastfeeding; Rodriguez's son will potentially face a myriad of health consequences should she be deprived of the ability to breastfeed."  Based on the foregoing, the court found extraordinary and compelling reasons existed that would justify a reduction in sentence once the separation from her infant would occur.  *Id.*

The court is not bound by *Rodriguez* and finds it distinguishable.  There is an important distinction between the present circumstances and those in *Rodriguez*.  There, the court does not appear to have been aware of the defendant's pregnancy at the time of sentencing.  Here, the court was aware that Defendant was five months pregnant at her sentencing and it was discussed extensively, given that Defendant had violated her supervised release by using drugs during her pregnancy on multiple occasions.  The court emphasized that its biggest concern was her continued substance abuse while pregnant, even up until just days before her sentencing on the supervised release violation.  As explained in *United States v. Hunter*, 12 F.4th 555, 569 (6th Cir. 2021), § 3582(c)(1)(A) precludes a court from simply taking facts that existed at sentencing and repackaging them as "extraordinary and

6

compelling." Indeed, the court further explained, "[t]he problem with such an approach is that it renders the general rule of finality and the extraordinary-and-compelling-reasons requirement 'superfluous, void or insignificant.'" *Id*. (citations omitted); *see also United States v. Tarver*, 2024 WL 3675818, at *4 (N.D. Ohio Aug. 6, 2024) (At the time of the sentencing, the court knew and considered that the defendant was pregnant, and that her first pregnancy and childbirth had been difficult and involved a cesarean section. Thus, this weighed against the argument that the difficult childbirth that took place before she reported to prison constitutes an "extraordinary and compelling" circumstance.). Because the court fully considered Defendant's pregnancy during sentencing, it does not find it to constitute an extraordinary and compelling reason for a reduction in sentence. Similarly, the court is not persuaded that the benefits of breastfeeding present extraordinary and compelling reasons for a reduction in sentence, especially where the court considered Defendant's pregnancy at sentencing and was aware of the timing of the birth in relation to her sentence. Because the court does not find any "extraordinary and compelling reasons" to warrant a sentence reduction in this case, the court need not consider whether the sentencing factors set forth in § 3553(a) would also support Defendant's release.

7

## IV.     CONCLUSION

Therefore, the court **DENIES** Defendant's motion for modification of her

sentence under 18 U.S.C. § 3582(c)(1)(A).

**SO ORDERED**.

Date: April 24, 2026                                    s/ F. Kay Behm
                                                        F. Kay Behm
                                                        United States District Judge